IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| VERONICA L. MARTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-cv-00012 (LMB/MSN) |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a Report and Recommendation ("Report") issued by a magistrate judge on August 30, 2018 [Dkt. No. 21], which recommends granting Veronica L. Martian's ("Martian" or "plaintiff") Motion for Summary Judgment [Dkt. No. 14] in part, denying Nancy A. Berryhill's ("Berryhill" or "defendant") Motion for Summary Judgment [Dkt. No. 15] and remanding this civil action for further administrative proceedings. See Report at 22. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file a timely objection waived the right to appeal the substance of the Report and any judgment based upon the Report. As of September 24, 2018, no party has filed an objection. The Court has reviewed the Report, the parties' cross motions for summary judgment, and the case file and adopts the Report in full.

In this civil action brought under 42 U.S.C. § 405(g), plaintiff, acting pro se, seeks judicial review of defendant's final decision denying plaintiff's application for decedent's lump sum death benefits under the Social Security Act. Id. at 1. Plaintiff alleges that, as the widow of a deceased worker, she is entitled to receive lump sum death benefits. Id. at 1–2. Plaintiff alleges

that she and the decedent were married in South Carolina in 2000, when decedent asked plaintiff to be his wife and presented her with a ring during a visit for his father's funeral.[1] Id. at 2. Plaintiff's claims were originally denied on August 10, 2014 and were denied on reconsideration on December 24, 2014. Id. at 3. After this second denial, plaintiff filed a request for a hearing in front of an administrative law judge ("ALJ"), which occurred on June 23, 2016. Id. The ALJ denied plaintiff's application on August 9, 2016 and on November 3, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's decision, which makes the ALJ's decision the final decision of the defendant. Id. at 4. The present civil action followed.

As the magistrate judge appropriately explained, this Court's review of defendant's final decision "is limited to determining whether the ALJ's decision was supported by substantial evidence in the record and whether the correct legal standard was applied in evaluating the evidence." Id. at 4. Although "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary," "this court is not so restrained in determining whether correct legal standards were applied." Id. at 4-5 (quoting Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Hines v. Bowen, 872 F.2d 56, 58 (4th Cir. 1989)). The Court finds that the magistrate judge correctly determined that this action be remanded for reconsideration because the ALJ failed to apply the appropriate legal standard when determining whether plaintiff and decedent entered a common-law marriage in South Carolina. Id. at 6–22.

In the ALJ's decision, she concluded that there was no common-law marriage because the couple "only spent brief amounts of time in South Carolina," so "there could not have been

---

[1] Plaintiff has previously represented that decedent gave her a wedding band after returning home from his mother's funeral in South Carolina; "[h]owever, it is for the ALJ, and not this court, to resolve any inconsistencies in the record." Id. at 2 n.1.

2

the long term social acceptance of the couple as married in South Carolina." Id. at 10. Yet cohabitation and long-term social acceptance are not required to prove the existence of a common-law marriage, but rather, are required to trigger the presumption of a common law marriage. Id. at 11 (citing Baker v. Baker, 330 S.E. 2d 503, 507 (S.C. Ct. App. 1998)). What is required for a common-law marriage in South Carolina is an intention to enter into a marriage contract, demonstrated by mutual asset and consideration. Id. (citing Callen v. Callen, 620 S.E. 2d 59, 62 (S.C. 2005)). The ALJ, therefore, applied an incorrect legal standard when determining whether plaintiff and decedent had a common-law marriage under South Carolina law. The magistrate judge correctly concluded that the appropriate remedy for such a failure is to remand for reconsideration as to whether sufficient evidence exists to establish a mutual marriage agreement in South Carolina. Id. at 11–12.

Accordingly, plaintiff's Motion for Summary Judgment [Dkt. No. 14] is GRANTED IN PART and DENIED IN PART, defendant's Motion for Summary Judgment [Dkt. No. 15] is DENIED, and it is hereby

ORDERED that plaintiff's application is REMANDED to the defendant for further administrative proceedings in accordance with the legal standards set forth in the Report and this Order.

To appeal this decision, a written Notice of Appeal must be filed with the Clerk of this court within sixty (60) days of receipt of this Order. Failure to file a timely Notice of Appeal waives the right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record and to plaintiff, pro se, and to close this civil action.

Entered this 24th day of September, 2018.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

3